UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ACCELERANT SPECIALTY
INSURANCE COMPANY and TEXAS
INSURANCE COMPANY,

      Plaintiffs,

v.                                                                      Case No: 5:25-cv-506-JSM-PRL

PETER GUTSKA, ALBERT
GOLDSTONE, and CHERYL
ANDERTON,

      Defendants.

_____

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Compel Initial Disclosures from Gutska and Goldstone ("Motion to Compel") filed on April 6, 2026. (Doc. 27). Plaintiffs request that the Court enter an Order compelling Defendant Peter Gutska ("Gutska") and Defendant Albert Goldstone ("Goldstone") to provide their Rule 26 initial disclosures and award sanctions in the form of attorney's fees associated with bringing the Motion to Compel. (*Id.* at p. 3). Gutska and Goldstone filed a Notice of Serving Initial Disclosures ("Notice") on April 20, 2026, stating that they served their Rule 26 initial disclosures to Plaintiffs on April 14, 2026. (Doc. 28). For the reasons explained below, Plaintiffs' Motion to Compel is due to be granted in part and denied in part.

## I.    BACKGROUND

Plaintiffs filed this action against Defendants Gutska, Goldstone, and Cheryl Anderton ("Anderton") (collectively, the "Defendants") on August 12, 2025. (Doc. 1). Anderton filed her answer and affirmative defenses on October 29, 2025 (Doc. 9), and Gutska and Goldstone filed their answer and affirmative defenses on December 1, 2025 (Doc. 18).

On February 10, 2026, Plaintiffs filed a Motion for Entry of Scheduling Order, requesting that the Court enter a scheduling order consistent with the Case Management Report attached to the motion. (Doc. 24). In the Case Management Report, the parties agreed to exchange their Rule 26 initial disclosures no later than March 21, 2026. (Doc. 24-1 at p. 1). The Court granted Plaintiffs' Motion for Entry of Scheduling Order (Doc. 25), and entered a Case Management and Scheduling Order (Doc. 26)[1] accordingly.

On March 20, 2026, Plaintiffs' counsel emailed counsel for Anderton and counsel for Gutska and Goldstone, requesting the status of their Rule 26 initial disclosures. (Doc. 27 at p. 2; *see* Doc. 27-1 at p. 3).[2] Having received no initial disclosures from Gutska or Goldstone by the agreed-upon deadline of March 21, 2026, Plaintiffs' counsel followed up with counsel for Gutska and Goldstone regarding the status of their Rule 26 initial disclosures via email on March 24, 2026, March 25, 2026, and March 30, 2026. (Doc. 27 at p. 2; *see* Doc. 27-1 at pp. 1-2). In the email dated March 30, 2026, Plaintiffs' counsel advised counsel for Gutska and Goldstone that Plaintiffs had not yet received initial disclosures from Gutska or Goldstone (which were past due by more than one week), and that Plaintiffs would file a motion to

---

[1] In the Case Management and Scheduling Order issued on February 11, 2026, the Court ordered and directed the parties "to meet the agreed upon terms and time limits set forth in their Case Management Report." (*See id.* at p. 1).

[2] Anderton provided her Rule 26 initial disclosures on March 25, 2026. (Doc. 27 at p. 2).

compel if they did not receive the requested initial disclosures by March 31, 2026. (Doc. 27 at p. 2; *see* Doc. 27-1 at p. 1). Counsel for Gutska and Goldstone failed to respond to Plaintiffs' counsel's emails or provide the initial disclosures by the requested deadline. (Doc. 27 at p. 2).

As a result, Plaintiffs filed the instant Motion to Compel on April 6, 2026, seeking an Order compelling Gutska and Goldstone to provide their Rule 26 initial disclosures and requesting an award of reasonable expenses, including attorney's fees. (Doc. 27). On April 20, 2026, Gutska and Goldstone filed the Notice, indicating that they served their Rule 26 initial disclosures to Plaintiffs on April 14, 2026—more than three weeks past the agreed-upon deadline of March 21, 2026, and more than one week after Plaintiffs filed the Motion to Compel. (Doc. 28 at p. 1). Since Gutska and Goldstone have now served their Rule 26 initial disclosures to Plaintiffs, they request that Plaintiffs' Motion to Compel be denied as moot or granted "with the recognition that . . . Defendants [Gutska and Goldstone] have complied with the relief requested in Plaintiffs' motion." (*Id.* at pp. 1-2).

## II.    LEGAL STANDARDS

Motions to compel disclosures and other discovery matters brought under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Comm. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (per curiam); *Broad. Music, Inc. v. Bourbon St. Station, Inc.*, No. 3:09-cv-468-J-25MCR, 2010 WL 376619, at *1 (M.D. Fla. Jan. 26, 2010) (citing *Comm. Union Ins. Co.*, 730 F.2d at 731). In general, "[t]he overall purpose of discovery under the Federal Rules [of Civil Procedure] is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts." *See Broad. Music, Inc.*, 2010 WL 376619, at *1 (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677,

682 (1958)). Under Rule 26, "a party must, without awaiting a discovery request, provide to the other parties" the discovery listed in Rule 26(a)(1)(A). *See* Fed. R. Civ. P. 26(a)(1)(A) (listing required initial disclosures). The initial disclosures under Rule 26(a)(1) must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." *See* Fed. R. Civ. P. 26(a)(1)(C). "The goal of the initial disclosure requirement is to accelerate the exchange of basic information about the case." *King v. City of Waycross, Georgia*, No. CV 5:14-cv-32, 2015 WL 5468646, at *2 (S.D. Ga. Sept. 17, 2015) (citations omitted). If a party fails to provide initial disclosures under Rule 26(a)(1), any other party may move to compel the disclosures and request appropriate sanctions. *See* Fed. R. Civ. P. 37(a)(3)(A).

## III.   DISCUSSION

Upon review, given that Gutska and Goldstone have now provided Plaintiffs with their initial disclosures, Plaintiffs' request to compel Gutska and Goldstone to provide their Rule 26 initial disclosures is denied as moot. However, because Gutska and Goldstone served their Rule 26 initial disclosures *after* Plaintiffs filed the instant Motion to Compel, Rule 37(a)(5) applies in this instance.

Rule 37(a)(5) provides that if a motion to compel is granted, or the disclosure or requested discovery is provided after the motion to compel was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conducted necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). A court, however, will not order this payment where "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court

action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *See id.*; *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.") (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

None of these circumstances is presented here. While the Court may have considered substantial justification for a short delay, counsel for Gutska and Goldstone failed to respond to several emails from Plaintiffs' counsel and did not request any extensions to provide the initial disclosures before Plaintiffs filed the Motion to Compel. Further, counsel for Gutska and Goldstone does not explain the delay in serving the outstanding initial disclosures or why he failed to respond to multiple requests from Plaintiffs' counsel asking for the initial disclosures. Because counsel for Gutska and Goldstone conceded that he served the Rule 26 initial disclosures *after* Plaintiffs' Motion to Compel was filed, and has not demonstrated that the failure to timely respond to Plaintiffs' requests were substantially justified or presented other circumstances which would make an award of expenses unjust, Plaintiffs' request to recover reasonable expenses, including attorney's fees, incurred in making the Motion to Compel is granted.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED** that:

(1) Plaintiffs' Motion to Compel Initial Disclosures from Gutska and Goldstone (Doc. 27) is **GRANTED in part and DENIED in part**. Plaintiffs' request to recover reasonable expenses, including attorney's fees, incurred in making the Motion to Compel is **granted**. Plaintiffs' request for an Order compelling Defendant Peter Gutska and Defendant Albert Goldstone to provide their Rule 26 initial disclosures is **denied as moot**.

(2) Plaintiffs are directed to file an affidavit of their reasonable expenses, including attorney's fees, incurred in making the Motion to Compel on or before **May 8, 2026**. Defendant Peter Gutska and Defendant Albert Goldstone shall then have **7 days** from the date that Plaintiffs' affidavit is filed to file any objections to the expenses and fees sought. Upon receipt of Plaintiffs' affidavit and any objections filed by Defendant Peter Gutska and Defendant Albert Goldstone, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing. Alternatively, if the parties can reach an agreement regarding reasonable expenses, including attorney's fees, they should so advise the Court by written notice within the time frame provided above.

- 7 -

**DONE** and **ORDERED** in Ocala, Florida on April 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties